(No. 85-CV-0608 ▮▮▮▮▮)

*In re* APPLICATION OF THEOTIS JENNINGS.

*Order filed March 18, 1985.*

THEOTIS JENNINGS, *pro se*, for Claimant.

NEIL F. HARTIGAN, Attorney General (ALISON P. BRESLAUER, Assistant Attorney General, of counsel), for Respondent.

Poch, J.

This claim arises out of an incident that occurred on August 5, 1984. Theotis Jennings, Claimant, seeks compensation pursuant to the provisions of the Crime Victims Compensation Act, hereafter referred to as the Act. Ill. Rev. Stat. 1979, ch. 70, par. 71 *et seq.*

This Court has carefully considered the application for benefits submitted on December 19, 1984, on the form prescribed by the Attorney General, and an investigatory report of the Attorney General of Illinois which substantiates matters set forth in the application. Based upon these documents and other evidence submitted to the Court, the Court finds:

1. That the Claimant, Theotis Jennings, age 27, was a victim of a violent crime as defined in section 2(c) of the Act, to wit: battery. Ill. Rev. Stat. 1979, ch. 38, par. 12—3.

2. That on August 5, 1984, the Claimant was beaten for no apparent reason by unknown offenders. The incident occurred in a theater at 25 Madison, Chicago, Illinois. After the initial incident, the Claimant was taken by an unknown person to 2600 East 87th Street where he was found by police. The Claimant was taken to South Shore Hospital for treatment of his injuries. The offenders have not been apprehended.

3. That the Claimant seeks compensation for medical/hospital expenses only.

4. That section 2(h) of the Act states that loss of earnings shall be determined on the basis of the victim's average net monthly earnings for the six months immediately preceding the date of the injury or on $750.00 per month, whichever is less.

5. That the Claimant was not employed for the six months immediately preceding the date of the incident out of which this claim arose and therefore suffered no loss of earnings compensable under section 2(h) of the Act.

6. That the Illinois Department of Public Aid has assumed the responsibility for the medical/hospital expenses which the Claimant incurred as a result of the incident.

7. That pursuant to section 10.1(e) of the Act, this Court must deduct $200.00 from all claims (except in the case of an applicant 65 years of age or older), and the amount of benefits, payments or awards payable under the Workers' Compensation Act, Dram Shop Act, Federal Medicare, State Public Aid, Federal Social Security Administration burial benefits, Veterans Administration burial benefits, health insurance, or from any other source, except annuities, pension plans, Federal Social Security payments payable to dependents of the victim and the net proceeds of the first $25,000.00 (twenty-five thousand dollars) of life insurance that would inure to the benefit of the applicant.

8. That the Claimant has received no reimbursements that can be counted as applicable deductions.

9. That the Claimant did not suffer a pecuniary loss as a result of the incident.

10. That section 6.1(b) of the Act limits the right of compensation to persons who have suffered a pecuniary loss of $200.00 or more attributable to a violent crime resulting in the injury or death of the victim.

11. That this claim does not meet a required condition precedent for compensation under the Act.

It is hereby ordered that this claim be, and is hereby, denied.